UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| ROBERT FLATT )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WHITE COUNTY JAIL, et al. )<br>    Defendants. ) | No. 2 09-0084<br>(No. 2:09-mc-0005)<br>Judge Trauger |

### MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee.[1] He brings this action pursuant to 42 U.S.C. § 1983 against the White County Jail; Oddie Shoupe, Sheriff of White County; Gwen Denton, a nurse at the White County Jail; and Major Jim Baker; seeking injunctive relief and damages.

According to the complaint (Docket Entry No.1), the plaintiff was denied medical care while incarcerated in the White County Jail from May, 2004 through October, 2004.

The complaint was received in the Clerk's Office on June 23,

---

[1] At the time the complaint was filed, the plaintiff was being housed at the Charles Bass Correctional Complex in Nashville. The application to proceed in forma pauperis (Docket Entry No.4) that he recently provided, however, was sent from the Whiteville Correctional Facility. Therefore, despite the absence of a formal change of address, the Court will now presume that the plaintiff has been transferred to the Whiteville facility until informed otherwise.

2009. The plaintiff's claims arose while he was incarcerated at the White County Jail from May - October, 2004. Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir.1997). Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the complaint. The Court, therefore, concludes that this action is untimely and is not subject to adjudication. Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir.1995); *see also* Watson v. Wigginton, 16 F.3d 1223, 1994 U.S. App. LEXIS 1329, No.93-6023 (unpublished; 6th Cir. January 24, 1994).

Because this action appears to be time-barred, the prisoner plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge